**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PEDRO MEJIA-VARGAS,<br><br>                    Petitioner,<br><br>          v.<br><br><br>PAMELA BONDI, *et al.*,<br><br>                    Respondents. | Civil Action No. 25-18892 (JXN)<br><br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Pedro Mejia-Vargas' ("Petitioner") Motion for Attorney's

Fees ("Motion") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).

(ECF No. 14.) Respondents ("Government") filed a letter opposition to the Motion. (ECF No. 17.)

The Court considered the parties' submissions, and decides the motion without oral argument

under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth

below, Petitioner's Motion is **DENIED**.

I.      **BACKGROUND**

Petitioner, a native of Peru, entered the United States without inspection in February 2022.

(*See* Gov't Habeas Opp'n at 1, ECF No. 6.) Three years later, on December 20, 2025, Immigration

Customs and Enforcement ("ICE") agents arrested Petitioner. (*Id.*) Following his arrest and ICE

detention, the Government did not afford Petitioner an individualized bond hearing because he

was purportedly held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On December 22, 2025, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention under § 1225(b)(2). (*See generally* Habeas Pet., ECF No. 1.) The Government opposed (Gov't Habeas Opp'n), and Petitioner replied (Pet. Reply, ECF No. 7).

On January 12, 2026, the Court granted the Petition, finding the Government could only detain Petitioner under 8 U.S.C. § 1226(a), not § 1225(b)(2). (*See generally* Mem. Order, ECF No. 9.) The Court ordered the Government to provide Petitioner with an individualized bond hearing before an Immigration Judge ("IJ"). (*See id.*)

On January 29, 2026, Petitioner moved for attorney's fees under the EAJA. (Fee Mot., ECF No. 14.) Petitioner argues that he is entitled to attorney's fees as the prevailing party because the Government's position in detaining him without a bond hearing was not "substantially justified." (*Id.* at 1–2.) The Government opposed on March 18, 2026, arguing that their position before and during this matter was substantially justified. (*See* Gov't Fee Opp'n, ECF No. 17.)

## II.    **LEGAL STANDARD**

The EAJA entitles the prevailing private party to attorneys' fees and costs "in any civil action (other than cases sounding in tort)" brought by or against the United States, unless the Government's position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA "unambiguously applies to habeas challenges to immigration detention under 28 U.S.C. § 2241." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026).

"Under the EAJA, the Government's position was substantially justified only if its conduct was 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Johnson v. Gonzales*, 416 F.3d 205, 210 (3d Cir. 2005)). "The Government bears the burden of proving its

position was justified." *Id.* To meet this burden, the Government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* (quoting *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010)). In immigration cases, the Government must prove it was substantially justified both in "its underlying conduct" and in "its decisions in the ensuing litigation about that conduct." *Id.* (citing *Johnson*, 416 F.3d at 210). Courts "do not assume the position of the Government was not substantially justified simply because it lost." *Id.* at 433 (citing *Williams v. Astrue*, 600 F.3d 299, 302 (3d Cir. 2009)).

## III.    **DISCUSSION**

In his Motion, Petitioner argues the Government's position was not substantially justified. (ECF No. 14.) The Court disagrees.

The Court finds the Government's pre-litigation position was substantially justified. § 1225 provides, in relevant part, that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal hearings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Starting in July 2025, the Government issued guidance that every individual "present in the United States without admission or parole" was an "applicant for admission." *See Velasquez v. Noem*, 818 F. Supp. 3d 634, 637 (D.N.J. 2025). In September 2025, the Board of Immigration Appeals ("BIA") adopted the Government's argument and held that immigration courts could not conduct bond hearings for noncitizens who were detained pursuant to § 1225(b)(2). *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Government detained Petitioner *after* the BIA adopted the Government's view. (*See* Gov't Habeas Opp'n at 2.) While the Court has repeatedly found the BIA's position unsupported

3

as a matter of law, *Velasquez*, 818 F. Supp. 3d at 638–39, it was nonetheless a binding administrative decision the Government had to follow, *see Martinez Amaya v. Bondi*, No. 26-1945, 2026 WL 1078278, at *2 (D.N.J. Apr. 21, 2026) (finding Government's detention under § 1225(b) substantially justified because Government "did no more than follow a binding administrative decision.").

Likewise, the Court finds the Government's litigation position was substantially justified during the pendency of this matter. Although the overwhelming majority of district courts, including this one, have rejected the BIA's interpretation of § 1225(b), the Government's position "has produced favorable decisions by other federal courts." *Id.* at *2 (noting that success before other courts is an "objective indicia" of substantial justification). Both the Fifth and Eighth Circuits agreed with Respondents' position and held that "applicants for admission" are subject to detention under § 1225(b)(2)(A). *See Avila v. Bondi*, 170 F.4th 1128, 1136 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates the detention of unadmitted [noncitizens] already present inside the United States"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).[1] A three-judge panel on the Seventh Circuit panel recently split, on a 1-1-1 basis, over the merits of Government's position on § 1225(b)(2). *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 857–77 (7th Cir. May 5, 2026).[2] The Third Circuit has not

---

[1] The Court finds the dissents in *Avila* and *Buenrostro-Mendez* persuasive. *See Avila*, 170 F.4th at 1138 (Erickson, J., dissenting) (remarking that the majority opinion's "novel interpretation of 'alien seeking admission' . . . . is not supported by the plain meaning" context, or history of the statute); *Buenrostro-Mendez*, 166 F.4th at 509 (Douglas, J., dissenting) (noting the majority opinion rests "on the possibility that 'seeking admission' is like being an 'applicant for admission,' in a statute that has never been applied in this way, based on little more than an apparent conviction that Congress *must have* wanted these noncitizens detained.").

[2] One judge concluded "the text, statutory context, legislative history, and long-standing Executive practice all confirm that § 1225(b)(2)(A) applies to 'applicants for admission' who are seeking lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior." *Id.* at 856 (Lee, J.) A concurring judge would not have reached the merits of the issue. *See id.* at 857 (Pryor, J., concurring in part and concurring in judgment). A

yet addressed whether § 1225(b)(2) applied to Petitioner's detention, although two cases remain open and pending. *See Lopes De Andrade v. Director Phila. Field Off. Immigr. & Customs Enf't*, No. 26-1454 (3d Cir.); *Buele Morocho v. Warden Phila. FDC*, No. 26-1150 (3d Cir.).

The Court, accordingly, finds the Government's position "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565; *see also Michel v. Mayorkas*, 68 F.4th 74, 80 (1st Cir. 2023) ("[A] string of court decisions going either way can indicate that the government's position is substantially justified." (internal quotation marks omitted)).

## IV.   CONCLUSION

For the reasons set forth above, the Motion for Attorney's Fees (ECF No. 14) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED**: 7/23/2026

**JULIEN XAVIER NEALS**
**United States District Judge**

---

dissenting judge would have reached the merits and adopted the Government's interpretation of § 1225. *Id.* at 871 (Kisrch, J., dissenting).